# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES SWIFT,** | ) | **4:15CV3016** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **WADIE THOMAS, Judge Juvenile** | ) | |
| **Court, Douglas County Nebraska,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charles Swift, a nonprisoner, filed his *pro se* Complaint (Filing No. 1) in this matter on February 19, 2015. Swift has been given leave to proceed *in forma pauperis*. (Filing No. 6.) The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

## I.  SUMMARY OF COMPLAINT

Swift filed this action against Judge Wadie Thomas. His allegations, in their entirety, are as follows:

> We pray for declaratory "thomas" violated our due process rights where on 1-27-15 conducted "check" hearing in case JV13-2407 on his docket wherein our minor progeny "stolen" "kidnapped."

(Filing No. 1 at ECF 1-2.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court reviews *in forma pauperis* complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Here, the Court cannot determine with any certainty Swift's basis for suing Judge Thomas. He alleged only that Judge Thomas held a hearing in a juvenile court case. Swift's statement that his "progeny" was "kidnapped" is conclusory. In short, Swift did not plead factual content that allows the Court to draw the reasonable inference that Judge Thomas is liable for any misconduct.

On the Court's own motion, Swift will be given 30 days to file an amended complaint that sufficiently describes his claims against Judge Thomas. Swift should be mindful to explain what Judge Thomas did to him, when Judge Thomas did it, how Judge Thomas's

actions harmed him, and what specific legal right Swift believes Judge Thomas violated. If Swift fails to file an amended complaint in accordance with this order, his claims against Judge Thomas will be dismissed without prejudice and without further notice. Accordingly,

IT IS ORDERED:

1. Swift will have 30 days to file an amended complaint that clearly states a claim upon which relief may be granted against Judge Thomas in accordance with this order. If Swift fails to file an amended complaint, his claims against him will be dismissed without further notice.

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: August 3, 2015: check for amended complaint.

3. The Court reserves the right to conduct further review of Swift's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this order.

DATED this 1st day of July, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge